**IN THE COURT OF APPEALS OF IOWA**

No. 25-0930
Filed July 23, 2025

**IN THE INTEREST OF K.E.,**
**Minor Child,**

**D.O., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Jones County, Joan M. Black, Judge.


A mother appeals the juvenile court's order terminating her parental rights to her child. **AFFIRMED.**


Michelle M. Jay of Bray and Klockau, Iowa City, for appellant mother.

Brenna Bird, Attorney General, and Michelle R. Becker, Assistant Attorney General, for appellee State.

Robert Davison, Cedar Rapids, attorney and guardian ad litem for minor child.


Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of a mother and father of a child born in 2024.  Only the mother appeals.  She contends: (1) the State failed to prove a statutory ground for termination; (2) a permissive exception to termination should be applied to forgo termination based on the closeness of the mother-child relationship; and (3) the court erred in denying her request for additional time.  We address each issue in turn.

**I.      Standard of Review**

We review orders terminating parental rights de novo.  *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).  Our review follows a three-step process to determine if a statutory ground for termination has been established, whether termination is in the child's best interests, and whether any permissive exceptions should be applied to preclude termination.  *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021).  However, we do not address any step that is not challenged on appeal.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  After addressing any challenges to the three-step process, we then address any additional claims a parent raises.  *In re L.A.*, 20 N.W.3d 529, 532 (Iowa Ct. App. 2025) (en banc).

**II.     Statutory Ground**

The juvenile court terminated the mother's parental rights on two grounds—those set forth in Iowa Code section 232.116(1)(g) and (h) (2025).  When the juvenile court terminates parental rights on multiple statutory grounds, we may affirm based on any ground supported by the record.  *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  We choose to focus on section 232.116(1)(h), which permits termination upon clear and convincing evidence that: (1) "the child is three years

of age or younger"; (2) "the child has been adjudicated a child in need of assistance"; (3) "the child has been removed from the physical custody of the parents for at least six of the last twelve months"; and (4) "the child cannot be returned to the custody of the [parent] . . . at the present time." *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (interpreting the statutory phrase "at the present time" to mean at the time of the termination hearing).

The mother challenges only the fourth element. She asserts the State failed to present clear and convincing evidence that the child could not be safely returned to her custody at the time of the termination hearing. Specifically, she argues the only evidence against her was missed drug tests, which she claims does not indicate drug use. But this claim is inaccurate, as Iowa law has consistently confirmed the principle that missed drug tests are presumed positive. *See In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (collecting cases noting missed tests are presumed positive for illegal substances). Here, the suspicion of the mother's illegal drug use was well-founded. Both the mother and the child tested positive for methamphetamine at the time of the child's birth. And the mother's parental rights to two other children were terminated previously due to the mother's methamphetamine use. Under these circumstances, we find it appropriate to apply the presumption that the missed drug tests would have been positive.[1]

---

[1] In her petition on appeal, the mother asserts that her missed drug tests were a result of her inability to afford a cell phone and secure transportation. But no evidence was presented at the termination hearing that supports this claim, as the mother failed to appear at the hearing, and her attorney presented no evidence on her behalf. Further, the mother also argues that her consistent visitation should weigh heavily when considering whether the child can be returned to her custody.

We acknowledge the mother's recent, consistent visitation with the child. However, this was the only area in which she demonstrated any meaningful compliance with the case plan. And we note that her participation in visitation was only consistent during the three months immediately preceding the termination hearing, and the visits have remained fully supervised due to her failure to make progress in other areas of the case plan. *See In re L.H.*, 13 N.W.3d 627, 629 (Iowa Ct. App. 2024) ("[The parent] never progressed beyond fully-supervised visits, which also prevented an immediate return of custody."), *overruled on other grounds by L.A.*, 20 N.W.3d at 534; *In re S.L.*, No. 19-0107, 2019 WL 1055689, at *2 (Iowa Ct. App. Mar. 6, 2019) (finding a child cannot be returned to a parent's custody when the parent has failed to progress past fully-supervised visits to semi-supervised or unsupervised visits); *In re J.H.*, 952 N.W.2d 157, 170 (Iowa 2020) ("[T]here is a substantial difference between meeting a child's needs under the supervision and guidance of other people and being able to independently care for a child . . . ."); *In re C.N.*, No. 19-1861, 2020 WL 567283, at *1 (Iowa Ct. App. Feb. 5, 2020) ("[The parent] never progressed to unsupervised visits or trial home visits. Without this necessary progression, we cannot say the children could have returned to the [parent]'s care.").

In addition to her unresolved substance-use problem, the mother has also failed to adequately address issues related to her mental health, lack of stable housing, lack of employment, and domestic violence in her home. *See In re D.H.*,

---

But she offers no explanation for how she was able to maintain regular visitation but could not fulfill the other expectations of her case plan—particularly those related to sobriety and mental-health treatment.

No. 18-1552, 2019 WL 156668, at *2 (Iowa Ct. App. Jan. 9, 2019) (collecting cases and finding failure to meaningfully address mental-health issues to be a valid basis for determining a child could not be returned to the parent's custody); *In re D.M.*, No. 18-0086, 2018 WL 1433104, at *2 (Iowa Ct. App. Mar. 21, 2018) (collecting cases finding a child cannot be returned to a parent when the parent does not have stable housing or employment); *In re A.R.C. III*, No. 13-0786, 2013 WL 3458222, at *5–6 (Iowa Ct. App. July 10, 2013) (considering unresolved domestic-violence issues as a basis for terminating parental rights). Based on all these considerations, we find clear and convincing evidence that the child could not be safely returned to her custody at the time of the termination hearing, so we agree with the juvenile court that the State proved a ground for terminating the mother's rights under section 232.116(1)(h).

## III. Permissive Exception to Termination

The mother also contends that termination should not be ordered due to the closeness of her relationship with the child. She relies on section 232.116(3)(c), which permits a court to decline to terminate a parent's rights when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."[2] But this exception

---

[2] The mother's petition on appeal argues that termination is not in the child's best interests, which could implicate section 232.116(2) or 232.116(3)(c). *See L.A.*, 20 N.W.3d at 534–35 (noting that the closeness of the parent-child bond can implicate section 232.116(2) and 232.116(3)(c)). As her argument cites section 232.116(3)(c) and the substance of her argument focuses on the closeness of her relationship with the child, we interpret her argument to be that the court should deny termination based on section 232.116(3)(c) only. *See id.* at 534 n.2 (noting that parents should expressly state whether they are making arguments under section 232.116(2) or 232.116(3)(c)).

is permissive, not mandatory, and the parent asserting it has the burden of proving its applicability. *A.S.*, 906 N.W.2d at 475–76.

We have no hesitation in concluding that the mother failed to meet her burden of establishing the applicability of section 232.116(3)(c). The child was under nine months old at the time of the termination hearing. The child was removed immediately after her birth due to testing positive for methamphetamine, and she has never been in the mother's care or custody. Further, although the mother stepped up the consistency of her visits in the three plus months prior to the termination hearing, in the three-month period before that, she did not see the child at all. This complete absence amounts to approximately one-third of the child's life. And the mother presented no evidence of a close relationship or any detriment that would result from terminating her rights. Additionally, the child is doing well at her placement with the child's maternal aunt and uncle. Given these facts, the mother has failed to meet her burden to establish that there is a close relationship between her and the child, and she has failed to prove that the child would suffer any detriment from terminating the mother's rights. *See* Iowa Code § 232.116(3)(c). So we reject the mother's claim that a permissive exception should be applied to deny termination of her rights.

## IV. Request for Additional Time

In the alternative, the mother contends she should be given an additional six months to work toward reunification. This is an option available to the court. *See id.* § 232.117(5) (permitting the court to deny termination and enter a permanency order under section 232.104); *see also id.* § 232.104(2)(b) (providing a permanency option of giving a parent an additional six months to work toward

reunification). However, to exercise this option, we must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). We can make no such finding. While we acknowledge that the mother has begun exercising her supervised visits after a several-month hiatus, she has not adequately addressed any of the other concerns we've previously noted in this opinion. In addition, the mother's methamphetamine-use problem is not of recent origin, as it was the basis for terminating her rights to two other children in 2018 and 2024. Under these circumstances, we have no confidence that the mother would remove the barriers to reunification with the child if given an additional six months. So we agree with the juvenile court's decision to terminate the mother's rights and not grant her additional time.

**V.     Conclusion**

For the foregoing reasons, we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**